UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CAPURS HALL,                              )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )         No. 2:22-CV-00027-JRG-CRW
                                          )
BARRY P. STAUBUS et al.,                  )
                                          )
            Defendants.                   )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on United States Magistrate Judge Cynthia R. Wyrick's Report and Recommendation [Doc. 6] and Plaintiff Capurs Hall's Objections [Doc. 7]. For the reasons herein, the Court will overrule Mr. Hall's objections.

## I.    BACKGROUND

A state inmate, Mr. Hall sues Defendants, which include the Sullivan County District Attorney's Office and its prosecutors, under 42 U.S.C. § 1983 and under state law. He alleges that Defendants violated his rights under the Double Jeopardy Clause of the Constitution, as applied to the states through the Fourteenth Amendment, when they indicted him under the same charges that a state-court judge had previously dismissed in an earlier indictment against him. [Compl. Doc. 1, at 4–6; Pl.'s Objs. at 1–2]. He also maintains that Defendants violated his rights under the Equal Protections Clause and the Due Process Clause. [Compl. at 6; Pl.'s Objs. at 2]. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), Judge Wyrick recommends the Court dismiss with prejudice Mr. Hall's claim under § 1983, as well as his supplemental state-law claims, because they lack sufficient factual development and because the doctrines of absolute immunity and

sovereign immunity prohibit them. Mr. Hall now objects to Judge Wyrick's recommendation of dismissal.

## II. LEGAL STANDARD

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A magistrate judge's recommendation of dismissal under § 1915(e)(2)(B)(i) and (ii) is dispositive in nature. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (stating that "[t]he dismissal standard under [§ 1915(e)(2)] is the same standard that this court uses to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6)"). A de novo review requires the Court "to give fresh consideration" to the issues before it. *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted). In doing so, the Court reaches "the ultimate determination of the matter" through its own judicial discretion. *Id.* at 675–66. After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Court agrees with Judge Wyrick's conclusion that Mr. Hall's complaint requires dismissal because it lacks a sufficient factual basis for relief. "It has long been established that jeopardy does not attach until 'the defendant is put to trial before the trier of facts.'" *United States v. Gamble*, 141 F.3d 621, 623 (6th Cir. 1998) (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)). Mr. Hall alleges no facts from which the Court can discern that the state court seated a jury and, midtrial, dismissed the indictment on evidentiary grounds, i.e., by awarding a directed verdict to Mr. Hall. *See Evans v. Michigan*, 568 U.S. 313, 325 (2013) (holding that the Double Jeopardy Clause bars retrial when a court "act[s] on its view that the prosecution had failed to

2

prove its case"). Instead, the state court appears to have dismissed the charges at a preliminary or pretrial proceeding because Mr. Hall alleges he appeared "via Zoom." [Compl. at 4]. The dismissal of charges at a preliminary or pretrial proceeding, however, does not trigger the Double Jeopardy Clause's protections. *See Gamble*, 141 F.3d at 623 ("Where, as here, the indictment is dismissed by the judge on a pre-trial motion, none of these concerns [underlying the Double Jeopardy Clause] is implicated. [The defendant] has endured none of the 'embarrassment, expense, and ordeal' of criminal trial. More importantly, he was never at risk of having the court determine his guilt."); *see also Serfass v. United States,* 420 U.S. 377, 391–92 (1975) ("Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.").

Like Mr. Hall's claim under the Double Jeopardy Clause, his claims under the Equal Protection Clause and the Due Process Clause also suffer from obvious fatal shortcomings. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). To state a plausible claim under the Equal Protection Clause, Mr. Hall must allege facts showing that (1) "the government treated [him] disparately as compared to similarly situated persons" and (2) "such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quotation omitted). Mr. Hall fails to allege facts that even remotely satisfy these elements.

As for Mr. Hall's due-process claim, he fails to allege facts that even suggest he suffered the deprivation of a life, liberty, or property interest without adequate process of law. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). To the contrary, he alleges that

the Sullivan County District Attorney's Office obtained the most recent indictment through grand-jury proceedings. [Compl. at 7]. A grand jury is one of the most well-recognized guardians of a would-be defendant's due-process rights. *See United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004) ("A grand jury's indictment protects three constitutional due process rights, namely: the Sixth Amendment's right to fair notice of the criminal charges against which one will need to defend; and the Fifth Amendment's dual protections against twice placing a defendant in jeopardy for the same offense, and holding the defendant to answer for crimes not presented to or indicted by a grand jury." (citation omitted)).

In sum, Mr. Hall fails to allege a violation of the Constitution, and he therefore lacks a cognizable claim under § 1983. *See Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (recognizing that a violation of a constitutional or federal statutory right is a prerequisite to a claim under § 1983 because § 1983 "does not confer substantive rights" on plaintiffs). Having determined that Mr. Hall's § 1983 claim—his lone federal claim—requires dismissal, the Court has the discretion to decline to exercise supplemental jurisdiction over his remaining state-law claims under the Tennessee Constitution, Tennessee statutes, and Tennessee common law. *See Batista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) ("Once the § 1983 claim was dismissed . . . the district court had the discretion to decline to exercise its supplemental jurisdiction over the state-law claims." (citing 28 U.S.C. § 1367(c)(3)). When a federal district court declines to exercise supplemental jurisdiction over a plaintiff's state-law claims, it "should normally dismiss [those] claims without prejudice." *Transcontinental Leasing, Inc. v. Mich. Nat'l Bank of Det.*, 738 F.2d 163, 166 (6th Cir. 1984).

The Court, however, sees no justifiable reason to grant Mr. Hall license to pursue his claims in state court because it agrees with Judge Wyrick's determination that the doctrines of

absolute immunity and sovereign immunity bar Mr. Hall's claims for damages.[1] In addition, the absence of a viable § 1983 claim also forecloses any pursuit of injunctive relief. *See Supreme Court of Va. v. Consumer Union of the U.S., Inc.*, 446 U.S. 719, 736 (1980) ("Prosecutors enjoy absolute immunity from damages liability, but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law." (internal citation and citation omitted)); *D.L. Braughler Co. v. Kentucky*, 271 F. Supp. 2d 937, 940 (E.D. Ky. 2003) ("[A] party is entitled to [sovereign] immunity if that party is . . . an agent or instrumentality of the state, and, thus, a state cannot be sued in its sovereign capacity in federal court." (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

The Court will therefore dismiss with prejudice Mr. Hall's state-law claims as well as his § 1983 claim, as Judge Wyrick recommends. *See Reagan v. Hull*, 99 F. App'x 734, 735–36 (6th Cir. 2004) ("Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that fail to state a claim for relief. If a complaint satisfies the criteria set forth in § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it." (citations omitted)); *Smith v. Shelby County*, 3 F. App'x 436, 438 (6th Cir. 2001) ("[The plaintiff] argues that he should have been allowed to amend his complaint. However, the district court need not allow an opportunity to amend before dismissing a case under § 1915(e)(2)." (citation omitted)); *see also Eddins v. Cooper*, No. 4:10-CV-16, 2010 WL 5684404, at *1 (E.D. Tenn. Mar. 16, 2010) (recommending dismissal under § 1915(e)(2)(B)(i) and (ii) because the plaintiff's claims against "judicial personnel" were "barred by sovereign immunity").

---

[1] Mr. Hall requests compensatory damages of $17,000,000 and punitive damages of $11,000,000. [Compl. at 12].

### IV. CONCLUSION

Mr. Hall's objections [Doc. 7] are **OVERRULED**. The Court **ACCEPTS IN WHOLE** Judge Wyrick's report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation, and for the reasons in this memorandum opinion, Mr. Hall's complaint is hereby **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

6